RECEIVED
IN MONROE, LA

JUL 23 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

DOROTHY COOPER          **3:07CV1208**

VS

COLDWELL BANKER        JUDGE: JAMES
CB GROUP ONE MONROE
DARYL BEASLEY           MAGISTRATE: HAYES
SCOTT DOVE
JOHN HOLT

## COMPLAINT

TO THE HONORABLE, THE JUDGES OF THE WESTERN DISTRICT OF LOUISIANA:

NOW INTO COURT, by and through undersigned counsel comes plaintiff, herein, DOROTHY COOPER, who respectfully inform and petition the Court as follows:

### I.

1. This action is brought under the Federal Fair Housing Act, Title VIII of the Civil Rights Act, codified at 42 U.S.C. Section 3601 et seq., 42 U.S.C. Section 1981, 1982 and under Louisiana law, La Rev. Stat. Ann 51;2601 et seq., the Louisiana Open Housing Act.

2. Jurisdiction is invoked under the specific provisions of the above referenced federal laws, and pursuant to 28 U.S.C. Section 1331 and Section 1343.

3. All acts and conduct complained of herein, and all acts and conduct of defendants out of which plaintiff's claims arise occurred in the Western District of Louisiana.

## II.

4. Plaintiff, DOROTHY COOPER is a major resident and domiciliary of the State of Louisiana, Parish of Ouachita. Plaintiff is an African-American.

5. Made defendant herein are CB GROUP ONE MONROE, COLDWELL BANKER, SCOTT DOVE AND JOHN HOLT.

6. Made Defendant herein is Daryl Beasley. Daryl Beasley is a major resident and domiciliary of the Parish of Ouachita, State of Louisiana. Daryl Beasley is the owner of COLDWELL BANKER, a real estate firm that is in the business of and does sell real estate. Defendant operates his business under the legal and non-delegable duty to adhere to laws against discrimination in housing. Defendant operated said business in a racially discriminatory manner and is; therefore, liable unto Plaintiff for all acts of discrimination described herein.

7. Made herein is CB GROUPONE MONROE/RUSTON, a real estate firm that is in the business of and does sell real estate. Defendant operates its business under the legal and non-delegable duty to adhere to laws against discrimination in housing. Defendant operated its business in a racially discriminatory manner and is; therefore, liable unto Plaintiff for all acts of discrimination described herein.

8. Scott Dove, a major resident and domiciliary of the Parish of Ouachita, State of Louisiana, and who at all times relevant herein, was a real estate agent of Coldwell Banker.

## III.

9. Plaintiff Dorothy Cooper were refused the opportunity to buy a home because

of her race, African- American.

10. Plaintiff has been discriminated against by defendants refusing to sell, contract with, or otherwise make housing available because of the race of the Plaintiff.

11. Defendants have knowingly, deliberately, and purposely carried out acts with the intent to deprive plaintiff homebuyer of her equal housing rights because of plaintiff's race.

12. The defendants have violated the provisions of the Fair Housing Act, 42 U.S.C. Section 3601 et seq. by denying housing to plaintiff based on race and discriminating illegally in the terms and condition of the sell of real estate.

13. Defendants' violations have been knowing and intentional, thus entitling plaintiff to and award of punitive damages. Defendants should have known of th injuries to Plaintiff, and proceeded with reckless disregard of the injuries to Plaintiff.

14. Plaintiff entered into a agreement to purchase a house with all land and grounds measuring about thirty (30) acres in Caldwell Parish, Grayson, Louisiana on May 29, 06.

15. Plaintiff met all the requirements such as having been pre-approved for financing, the appraisal had been performed and the inspection was approved, a fact of which defendants were aware.

16. Plaintiff were fully qualified to purchase the property located at 373 McCollum, Grayson, Louisiana.

17. Plaintiff was awaiting to close when they learn in July that agent Scott Dove, who knew the plaintiff was about to close on the house, was negotiating to sell the house to another party that was white.

18. Plaintiff learned that Scott Dove had made aware to the seller the race of the buyer.

19. Plaintiff also learn that the seller John Holt had contacted the insurance company after receiving the name of the insurance company from the defendants. and informed them not to insure the "N-word".

20. Plaintiff learn that somewhere around August 1, 06, that the Defendants sold the house to a white party.

21. Plaintiff contacted buyer's agent Doris Hicks and learn that she had been fired after questioning Scott Dove about redirecting the sell from the Plaintiff to the party he sold the property to.

22. Defendants have violated the provisions of the Fair Housing Act, 42 U.S.C. Section 3601, et seq. by denying the plaintiff to purchase the house based on race and color, and by discriminating illegally in the terms and condition of the sale of real estate.

23. Plaintiff has suffered compensable injuries as a direct result of the illegal acts of the defendants, including economic losses, loss of civil rights, emotional distress and humiliation, attorneys fees and costs of court.

24. Defendants' violations have been knowing and intentional. Defendants should have known of the injuries to Plaintiff, and has proceeded with reckless disregard of the injuries to plaintiff.

25. Defendants are in a position to continue violating the rights of the plaintiff and of others similarly situated, and will do so unless deterred by court jurisdiction and assessment of punitive damages of sufficient magnitude.

26. Defendants have violated the prohibitions of La. Rev. Stat. Ann. 51:2601, the Louisiana Open Housing Act, by violating plaintiff rights to be free of discrimination in housing under the Louisiana Housing Act.

27. Plaintiff has suffered compensable injuries as a direct result of the illegal acts of defendants, including economic losses, loss of civil rights, emotional distress, humiliation, attorney's fees and costs of court.

28. The Defendants have violated the provisions of the Civil Rights Act of 1866, 42 U.S.C. Section 1981 and Section 1982, by denying minority applicants the same rights to make and enforce contracts as is enjoyed by white citizens of the United States, and denying minority applicants the same right to hold property as is enjoyed by white citizens of the United States.

29. The defendants conduct, as set forth herein constitutes discriminatory refusal to sell, discriminatory terms, conditions, privileges, or services and facilities. It is alleged that defendant's unlawful conduct, as set forth herein, was based on Plaintiff's race, African-American.

30. The plaintiff was in a posture to close the sell of the property.

31. The Plaintiff has been the victim of unlawful racial discrimination, including without limitation refusal to sell, discriminatory terms, conditions, privileges and facilities.

V.

32. By reason of the acts of the defendants complained of herein, Plaintiff has been injured in the following non-exclusive manner; economic losses, aggrevation, emotional distress, and humiliation.

33. All of the above acts and conduct of the Defendants constitutes violations of Plaintiff's right to be free from racial discrimination under the Fair Housing Act.

34. As a direct and proximate result of Defendants conduct, Plaintiff has suffered a loss of civil rights.

VI.
Irreparable Injury

35. Plaintiff has suffered irreparable injury and will continue to suffer irreparable injury unless the Court orders a permanent injunction against Defendants' conduct complained of herein.

VII.

Prayer for Relief

WHEREFORE, PLAINTIFF PRAYS as follows:

(a) For an injunction against the Defendant prohibiting violation of the Fair Housing Act, 42 U.S.C. Section 3601, et seq.

(b) For an injunction against the Defendant prohibiting violation of the Louisiana Open Housing Act, La Rev. Statutes Ann. 51:2601 et seq.;

(c) For full compensatory damages for plaintiff's economic losses, loss of civil rights, emotional distress and humiliation;

(d) For punitive and exemplary damages pursuant to 42U.S.C. Section 3601 et seq.,

42 U.S.C. Section 1988, or any other statutory authority;

(e) For attorney's fees and all costs of this suit, and for all other legal and equitable relief as the Court finds appropriate.

(f) For such other and further relief as the court deems proper.

RESPECTFULLY SUBMITTED:

Carol D. Powell Lexing
Attorney for Plaintiff
141 Desiard Street, Suite 806
Monroe, Louisiana 71201
Tele: (318) 324-0700
Bar Roll #21033
E:Mail: legal dove @ bell south.net