UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

DOROTHY COOPER                          CIVIL ACTION NO. 07-1208

VERSUS                                  JUDGE JAMES

COLDWELL BANKER, ET AL                  MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Dorothy Cooper ("Plaintiff") alleges that she is an African-American who was subjected to racial discrimination in connection with her attempt to purchase real estate. Plaintiff names as Defendants the property owner who refused to sell to her, a real estate firm, an agent for the firm, and the owner of the firm. Before the court is a Motion to Dismiss (Doc. 7) filed by the real estate company, its owner, and the agent.

### Rule 12(b)(6) Standard

A defendant may challenge a complaint by filing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In assessing the motion, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative

level.'" <u>Cuvillier v. Taylor</u>, 503 F.3d 397, 401 (5th Cir. 2007), quoting <u>Bell Atlantic Corp.</u>

<u>v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007). Stated another way, specific facts are not

necessary; the statement need only give the defendant fair notice of what the claim is and the

grounds upon which it rests. <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007).

**Plaintiff's Allegations**

Plaintiff alleges that she entered into an agreement to purchase a house and about 30

acres of land in Grayson, Louisiana.  Complaint, ¶¶ 4 and 14.  Plaintiff was "fully qualified"

and "met all of the requirements" to purchase the property.  She had been pre-approved for

her financing, an appraisal had been performed and an inspection had been approved.  ¶¶ 15-

16.  Plaintiff's "buyer agent" for the proposed transaction was Doris Hicks.  The complaint

is not clear about Ms. Hicks' relationship to the other parties, but the memoranda filed in

connection with the motion state that she was an agent of defendant Group One Realty, LLC.

Complaint, ¶ 21; Memorandum at Doc. 10, p. 3.

Plaintiff was awaiting the closing when she learned that defendant Scott Dove, an

agent for Group One Realty who knew that Plaintiff was about to close on the house, was

negotiating to sell the house to a white party.  ¶ 17.  Plaintiff learned that Mr. Dove "had

made aware to the seller the race of the buyer."  ¶ 18.  Plaintiff also learned that the seller,

Mr. John Holt, had obtained the name of Plaintiff's insurance company from the Defendants

and told the insurance company "not to insure the 'N-word'." ¶ 19.  Soon afterwards, "the

defendants sold the house to a white party."  ¶ 20.  Plaintiff contacted her agent, Ms. Doris

Hicks, and learned that Ms. Hicks had been fired after she questioned Dave Scott about redirecting the sale from Plaintiff to the white party.  ¶ 21.

These are the facts alleged in Plaintiff's complaint.  The remainder of the pleading is devoted to assertions that these facts evidence discrimination because of race in connection with a housing transaction.  Plaintiff also invokes the Fair Housing Act, 42 U.S.C. §§ 1981 and 1982, and the Louisiana Equal Housing Opportunity Act, La.R.S. 51:2601, et seq.

**Law and Analysis**

The movants argue for dismissal because Plaintiff did not specifically allege that they owned the property at issue, and they argue that Plaintiff's conclusory assertion that the "defendants" sold the property to a white party is insufficient.  This argument presumes that only sellers may be liable under the applicable laws, but movants cite no authority for that proposition. Defendants also urge that mere disclosure of a party's race is not actionable, that there is no allegation that the movants acted in concert with the seller, and that there is no direct assertion the seller actually refused to sell because of race.

Plaintiff's complaint could certainly be written with more clarity and provide more factual information. It is not too late for Plaintiff to amend her complaint and attempt to improve it, which she may do without leave of court until a responsive pleading is filed.[1] A

---

[1] Rule 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a). Because a Rule 12(b)(6) motion to dismiss is not a "pleading" as defined in Fed. R. Civ. P. 7(a), the filing of such a motion does not extinguish a party's right to amend as a matter of course. McKinney v. Irving Independent School Dist., 309 F.3d 308, 315 (5th Cir.

plaintiff's best response to a motion to dismiss is often an amended complaint, but this plaintiff has chosen for now to stand on her original pleading, so that is what the court must assess.

Despite the lack of detail in Plaintiff's complaint, the pleading is sufficient to give fair notice of and state a claim for relief that is adequate to survive the rather generic Rule 12(b)(6) attack made by the motion.  The Fair Housing Act, for example, describes certain conduct that is prohibited and exemptions that may apply.  A key provision states that it "shall be unlawful" to engage in a variety of actions including to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race ... ."  42 U.S.C. § 3604(a).  It is also unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race ... ."  § 3604(b). The Act declares that it "shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race ...." § 3605(a). The definition of residential real estate-related transaction includes the "selling, brokering, or appraising" of residential property. § 3605(b)(2). The similar Louisiana Act cited by Plaintiff also contains broad declarations of what actions are unlawful.

_____

2002); <u>Zaidi v. Ehrlich</u>, 732 F.2d 1218, 1220 (5th Cir. 1984).

"Neither the Fair Housing Act nor §§ 1981 and 1982 either specifies or limits who may be sued."  1 Housing Discrimination Practice Manual, § 2:20.  It "has been generally inferred" from the statutory framework "that anyone who commits an act that violates the statute can be sued and held liable."  Id. Plaintiff has alleged that agent Dove knew that Plaintiff (who was represented by another agent from Dove's firm) was about to close on the house, but he nonetheless engaged in efforts to get the owner to sell the house to a white person. Dove allegedly made aware to the seller the Plaintiff's race, and the seller had a negative reaction to that information and took actions that attempted to thwart Plaintiff from purchasing the property.  A white party did buy the property, and a co-worker of agent Dove who questioned him about the transaction was later fired.  These allegations (if true) may not establish with certainty each and every fact that Plaintiff must prove to establish that agent Dove violated the Fair Housing Act or other statute, but that is not what is required at the pleadings review stage of the case.  Plaintiff has provided enough facts to give fair notice of grounds on which she seeks to establish the liability of agent Dove, make her claim rise above mere speculation, and avoid summary dismissal.

The focus now turns to the claims against Group One Realty, LLC, agent Dove's alleged employer. The Fair Housing Act imposes vicarious liability upon a real estate agent's employer under ordinary state law principles.  Meyer v. Holley, 123 S.Ct. 824 (2003). Louisiana law permits the imposition of vicarious liability on a real estate brokerage company for the acts of a sales agent.  Hughes v. Goodreau, 836 So.2d 649 (La. App. 1 Cir.

2002). The ultimate decision of that issue is fact-specific and incapable of determination on this motion to dismiss. It is sufficient to observe that Plaintiff has pleaded a plausible basis for a claim against Group One Realty.

The next movant is Daryl Beasley, the alleged "owner" of Group One Realty. Vicarious liability under the Fair Housing Act does not automatically extend to an officer, shareholder or other owner of a real estate agency.  Such a person would be liable only if he would be liable under traditional principles of vicarious liability.  Meyer, supra.

Plaintiff alleges that Daryl Beasley is the "owner" of the real estate agency, but she does not allege that Mr. Beasley had any personal participation in the events surrounding her failed transaction.  She does make several general allegations that he operated his business in a racially discriminatory manner but, again, there are no factual allegations that tie Mr. Beasley to participation in the allegedly unlawful acts that occurred in this case. Plaintiff argues in her memorandum that Mr. Beasley fired Doris Hicks for questioning the sale, but the complaint does not actually allege who fired Ms. Hicks or why she was fired.  The complaint, which governs for current purposes, merely alleges that Ms. Hicks was fired (by someone) after she questioned the transaction.  That allegation of temporal proximity, when considered with the other facts alleged, helped somewhat in making out a non-speculative claim against Mr. Dove and Group One Realty. With respect to Mr. Beasley, however, that single, indirect allegation is not enough to plead a non-speculative claim under any of the applicable laws.

Subject to limited exception, members, managers and employees of a limited liability company are not liable for liabilities of the company.  La.R.S. 12:1320.  There is an exception in Section 1320(D), which Plaintiff invokes, but claims under the exception must allege acts done by the individual outside his capacity as a member, manager, employee or agent of the limited liability company.  Curole v. Ochsner Clinic, LLC, 811 So.2d 92 (La. App. 4th Cir. 2002); Roth v. Voodoo BBQ, LLC, 964 So.2d 1095 (La. App. 4th Cir. 2007). Plaintiff's meager allegations with respect to Mr. Beasley do not assert a claim that would pierce the ordinary veil of limited liability that is afforded a member of a limited liability company.

**Conclusion**

There are numerous potential grounds for claims under the various statutes cited by Plaintiff, and there are as many or more exceptions or defenses that the movants might invoke.  Movants have made only the most general attack on the adequacy of Plaintiff's complaint, so it is not necessary to explore every potential claim and applicable exception. It is sufficient for current purposes to determine that Plaintiff has provided fair notice of a non-speculative claim against Group One Realty, LLC and Scott Dove, but she has not pleaded an adequate claim against Darryl Beasley.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 7)** be **granted in part** by dismissing all claims against Darryl Beasley and that the motion be **denied** in all other respects.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of December, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE